```
ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYBN 4325163)
Chief, Civil Division
ANDREW MAINARDI (NYBN 5431697)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, CA 94612
    Telephone: (510) 788-3509
    Facsimile: (510) 637-3724
    E-mail: andrew.mainardi@usdoj.gov

Attorneys for Defendant

Ira J. Kurzban (CABN 71563)
ira@kktplaw.com
John P. Pratt (pro hac vice)
jpratt@kktplaw.com
Edward F. Ramos (pro hac vice)
eramos@kktplaw.com

Kurzban Kurzban Tetzeli & Pratt, P.A.
131 Madeira Avenue
Coral Gables, FL 33134
(305) 444-0060

Attorneys for Plaintiff
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BEHRING CAPITAL, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>    Defendant. | CASE NO. 3:24-cv-02566-TLT<br><br>**INITIAL JOINT CASE MANAGEMENT STATEMENT, JULY 25, 2024**<br><br>**Current Case Management Conference:**<br>**Wednesday, August 1, 2023 at 2:00 p.m. before The Honorable Trina L. Thompson** |

The parties to the above-captioned action jointly submit this INITIAL JOINT CASE

INITIAL JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER, JULY 25, 2024
3:24-cv-02566-TLT                                              1

MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9:

**1. Jurisdiction and Service**

There are no issues regarding personal jurisdiction, venue, or service. Plaintiff brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. All parties have been served.

**2. Facts**

This case pertains to a Freedom of Information Act ("FOIA") request submitted by Behring Capital, LLC ("Plaintiff"), a private company, to United States Citizenship and Immigration Services ("USCIS"), a component of the United States Department of Homeland Security, on March 14, 2024. *See generally* Dkt. No. 1 ¶ 4. The request seeks records relating to data regarding the EB-5 filings and adjudications, as well as staffing information on various types of EB-5 benefit applications.. *Id*. Plaintiff believes these records are crucial to analyzing potential visa retrogression, to accurately advise investors, and to help enhance transparency and integrity in the EB-5 Program. One of Plaintiff's business goals is to sponsor projects under the EB-5 Immigrant Investor Program, through which USCIS administers visas to foreign investors of qualifying projects. *Id*. ¶ 2. On March 15, 2024, USCIS acknowledged receipt of Plaintiff's FOIA request and assigned it the tracking number COW2024002271. Dkt. No. 8 ¶ 5.

Plaintiff filed the Complaint 46 days later on April 29, 2024, at which time USCIS had not produced any responsive documents. Dkt. No. 1. The Complaint alleges that USCIS failed to any documents in response to Plaintiff's FOIA request. Id. ¶ 6.

Defendant produced responsive documents to Plaintiff on June 26, 2024. The undersigned counsels are conferring regarding the scope and exemptions applied to these documents and will apprise the Court with updates in future joint case managements statements.

**3. Legal Issues**

The parties believe the Court may be called upon to resolve the following legal issues: (1) whether USCIS has responded adequately to Plaintiff's FOIA requests, (2) whether USCIS improperly

withheld materials based on claimed FOIA exemptions, *see* 5 U.S.C. §§ 552(b)(1)-(9), and (3) whether and in what amount Plaintiff is entitled to an award of attorneys' fees and other litigation costs, *see id.* § 552(a)(4)(E)(i).

The parties will attempt to resolve any future legal issues in good faith. The parties may nonetheless call on the Court to resolve these issues should they arise.

**4. Motions**

There are no prior or pending motions. Although document production is pending, and to the extent that informal discussions between the parties after production do not resolve the entire case, the parties anticipate that this matter can be resolved on cross-motions for summary judgment. At this time, the parties submit that scheduling any such motion is premature. The parties are working in good faith to resolve the claims and issues in this action as they arise.

**5. Amendments to the Pleadings**

The parties do not currently plan on amending their pleadings to add or dismiss any claims or defenses.

**6. Evidence Preservation**

Defendant acknowledges its duty to preserve relevant materials in accordance with applicable rules and case law.

**7. Disclosures**

The parties agree and stipulate pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary, as this is a FOIA action for which no such exchange of information is needed.

**8. Discovery**

To date, no discovery has been taken by any party, and the parties do not anticipate that discovery will be conducted in this litigation. USCIS notes that discovery is generally not appropriate in FOIA actions. *See Lane v. Department of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (discovery is limited in FOIA cases "because the underlying case revolves around the propriety of revealing certain documents"); *Lawyers' Comm. for Civil Rights v. U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126,

1130 (N.D. Cal. 2008).

**9. Class Actions**

This case is not a class action.

**10. Related Cases**

There is a separate FOIA lawsuit Plaintiff filed against USCIS that seeks additional documents related to the same EB-5 visa program. Plaintiff filed another FOIA request and subsequent lawsuit on the same days as in this lawsuit, March 14, 2024 and April 29, 2024, respectively. Plaintiff's other FOIA request seeks records relating to USCIS policies and procedures on the adjudication of EB-5 visa petitions and applications, including workflow management, prioritization of petitions/applications, and the assignment of visa codes for petitions potentially classifiable in multiple categories.. *See Behring Capital, LLC v. USCIS*, Case No. 3:24-cv-02567-EMC, Dkt. No. 1 ¶ 4.

Pursuant to Civil L.R. Rule 3-12(a), lawsuits are related to one another when "(1) The actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Here, the parties agree that both of Plaintiff's lawsuits meet these criteria. The parties are conferring regarding the best way to relate or consolidate the two matters.

**11. Relief Sought**

Plaintiff seeks declaratory and injunctive relief with respect to the documents responsive to its FOIA request. Plaintiff's prayer for relief asks this Court to (1) Declare USCIS's refusal to disclose the records request by Plaintiff to be unlawful and in violation of FOIA; (2) Order USCIS to immediately release and deliver to Plaintiff all records responsive to Plaintiff's request; (3) Enjoin USCIS from withholding records responsive to Plaintiff's request; (4) Award Plaintiff costs and reasonable attorneys' fees incurred in bringing this action, and; (5) Grant such other relief as the Court may deem just and proper. *See* Dkt. No. 1 at 7.

USCIS denies that Plaintiff is entitled to any relief and seeks dismissal and costs.

**12. Settlement and ADR**

The parties believe that settlement conversations are premature at this time. The parties have

met and conferred regarding the scope of Plaintiff's requests and timing of USCIS's production and will continue to do so as necessary to seek informal resolution of any disputes that arise between the parties. The parties will confer as to costs and fees when USCIS's document production is complete.

**13. Consent to Magistrate for All Purposes**

As this case was assigned to a District Judge, the parties have not filed any declination or consent to a Magistrate Judge.

**14. Other References**

None.

**15. Narrowing of Issues**

The parties met and conferred in an attempt to narrow the issues regarding production in this case and intend to continue to do so.

**16. Expedited Schedule**

The parties agree that this procedure is not applicable.

**17. Scheduling**

The parties are working in good faith to resolve the claims and issues in this action. The parties respectfully submit that full scheduling of this case, including discovery, motion practice and trial, is not feasible at this time as the parties continue to confer regarding record production.. To the extent any issues remain after the meet and confer process is exhausted, the parties anticipate that this matter can ultimately be resolved on summary judgment.

In light of the above, **THE PARTIES HEREBY STIPULATE AND REQUEST**, pursuant to Civil Local Rule 6-1(b), that the Initial Case Management Conference, currently scheduled for August 1, 2024 at 2:00 p.m. be continued to November 21, 2024 at 2:00 p.m., or a day and time that is suitable to the Court, and that the due date for filing an updated Case Management Statement be scheduled accordingly.

**18. Trial**

The parties anticipate that this entire case will be resolved through the meet and confer process or on summary judgment.

**19. Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs do not have any non-party interested entities or persons to disclose.

USCIS is exempt from this requirement as a federal government entity.

**20. Such Other Matters As May Facilitate Just, Speedy and Inexpensive Resolution**

None.

**21. Professional Conduct**

Both parties' counsels have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED: July 25, 2024                                                    Respectfully submitted,

/s/ Edward F. Ramos[1]                                                  ISMAIL J. RAMSEY
Edward F. Ramos                                                         United States Attorney
eramos@kktplaw.com

                                                                        /s/ Andrew Mainardi
Ira J. Kurzban                                                          BY: ANDREW MAINARDI
ira@kktplaw.com                                                         Assistant United States Attorney

John P. Pratt                                                           Attorneys for Defendant
jpratt@kktplaw.com

Kurzban Kurzban Tetzeli & Pratt, P.A.
131 Madeira Avenue
Coral Gables, FL 33134
(305) 444-0060

Attorneys for Plaintiff

---

[1] *In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*

[PROPOSED] ORDER

The above STIPULATED REQUEST TO CONTINUE THE INITIAL CASE MANAGEMENT CONFERENCE is approved for this case and all parties shall comply with its provisions as follows: the Initial Case Management Conference, currently set for August 1, 2024, is hereby continued to _____at _____a.m./p.m., and the due date for an Updated Joint Case Management Statement is set to _____.

IT IS SO ORDERED.

Dated: _____

Hon. Trina L. Thompson